[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12131
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 21, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00196-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT WILKINS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 21, 2005)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Defendant Robert Wilkins, Jr., appeals the district court's denial of his

motion to disqualify the district court judge presiding over his revocation-of-supervised- release hearing. After review, we affirm.

## I. FACTUAL BACKGROUND

On October 29, 2002, Wilkins pled guilty to theft or receipt of stolen mail, in violation of 18 U.S.C. § 1708. On February 18, 2003, Wilkins filed a motion for disqualification of the district judge. Specifically, Wilkins argued that the judge should recuse herself because she was aware that Wilkins had opposed her nomination to the court while he worked with the Reagan administration. Additionally, Wilkins stated that the court had met *ex parte* with his brother.

On February 20, 2003, the district court denied the motion. The district court judge stated that she was not aware of Wilkins' opposition to her nomination or appointment. The district judge also stated that she had not met with Wilkins' brother. The district judge further explained that although Wilkins' brother had expressed a desire to meet with her concerning the defendant, the meeting never took place. Instead, the district judge instructed her law clerk to tell Wilkins' brother that although the court would not meet with him, it would accept letters from family members, as it does in all cases. Subsequently, Wilkins was sentenced to thirty months of imprisonment followed by a three-year term of supervised release. Wilkins appealed his sentence and the denial of his motion for

disqualification to this Court.

On September 24, 2003, this Court affirmed Wilkins' conviction and sentence. After review, this Court stated: "To the extent that Wilkins' argument that Judge Granade should have recused herself is appealable, the argument is clearly meritless."

In 2004, Wilkins filed a motion to vacate his sentence under 28 U.S.C. § 2255 alleging, *inter alia*, that the district judge had a personal animus and bias against him based on his opposition to her nomination to the federal bench. The district court denied Wilkins' § 2255 motion. With respect to the recusal argument, the district court stated that it agreed with this Court's previous finding that Defendant's arguments were meritless. Subsequently, this Court denied a certificate of appealability noting that this Court had already determined on direct appeal that the district judge did not err in denying Wilkins' request for recusal.

After completing his imprisonment sentence, Wilkins began his supervised release term. Four months following the start of his supervised release term, Wilkins was arrested and charged with third degree theft of property. Because the offense violated the terms of his supervised release, Wilkins was detained pending a revocation hearing.

On April 7, 2005, Wilkins filed a third motion for recusal of the district

judge presiding over his revocation hearing. Wilkins' third motion for recusal merely repeated the same two grounds he had argued in his previous motions: (1) that the district judge was biased toward him because he had opposed her nomination to the court; and (2) that the judge should recuse herself because she met, *ex parte*, with his brother.

On April 11, 2005, the district court denied Wilkins' motion because it raised no new grounds for recusal and the reasoning in its previous orders denying the motion were equally applicable.

Following the district court's order, Wilkins waived his right to a revocation hearing. On April 13, 2005, the district court sentenced Wilkins to 10 months' imprisonment followed by an additional 14 months of supervised release. Wilkins appealed the district court's order denying his third motion for recusal of the district judge.

## II. DISCUSSION

On appeal, Wilkins raises the same two arguments that both the district court and this Court have previously found meritless. Wilkins' motion merely reiterates that because he had opposed the district judge's nomination to the court, the judge was biased against him. Additionally, because the judge allegedly met with his brother, the judge should recuse herself. Wilkins does not set forth any new

4

allegations or facts as to why the district court erred in denying his motions for disqualification of the district judge. Because this Court has already found Wilkins' arguments meritless, we affirm the district court's denial of his motion for disqualification of the district judge during his revocation hearing. See, United States v. Bailey 175 F.3d 966, 968 (11th Cir. 1999) (reviewing a district judge's decision not to recuse for abuse of discretion).

AFFIRMED.